STATE OF CONNECTICUT *v.* GEORGE H. COLE

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 31, 1968

*Joseph D. Harbaugh,* chief public defender, for the defendant.

*David B. Cohen,* prosecuting attorney, for the state.

BY THE DIVISION. The defendant, eighteen years of age, pleaded guilty to theft and was sentenced to the state reformatory for an indefinite term. The value of the property taken does not appear in the record. The prosecutor has informed this Division that it was $240. The statutory penalty for theft of property exceeding $15 but not exceeding $250 in value is a fine of not more than $200 or imprisonment for not more than six months or both. General Statutes § 53-63.

The defendant, with two codefendants, took several wheels and tires from the Dworkin Chevrolet Company in Ansonia. They were subsequently recovered from the home of one of the codefendants, who wanted to use them on his car. All three

defendants were charged with theft and pleaded guilty. The codefendants were represented by counsel. The defendant was not represented by counsel. Each of the codefendants was given a six-month jail sentence, with execution suspended and probation for two years.

The defendant's record consists of a suspended jail sentence in 1965 for injury to personal property and breaking and entering a dwelling in the daytime. He was on probation when the offense was committed in this case. According to the presentence report, defendant's adjustment to society while on probation has not been too successful. No arrests or violations of probation, however, are noted in the report. Although it is not within the province of this Division to protect the collateral constitutional rights of a defendant, the complete lack of any statement in behalf of this defendant by counsel, when the other two codefendants, who received less harsh sentences, were represented by counsel, makes it difficult for this Division adequately to review the action of the sentencing court. We particularly note that the theft was for the benefit of a codefendant who received a less harsh sentence. We also note that the defendant showed remorse when given an opportunity to speak, saying: "I'm sorry . . . [for] what happened. I went down and turned myself in . . . . That's about it." The defendant must be given the benefit of all these mitigating circumstances. For this reason, the Division deems the sentence too harsh, and it should be modified. The defendant has been confined since September 25, 1967.

It is ordered that the sentence imposed by the trial court be suspended as of February 23, 1968.

HEALEY, BARBER and WALL, Js., participated in this decision.